IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA CHRISTINA ALFARO,

    Plaintiff,                               No. CIV S-07-2115 FCD DAD PS

    vs.

TKA PROPERTIES,                      FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff, proceeding pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The district court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit demonstrating his or her inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

        Here, plaintiff's in forma pauperis application reveals that plaintiff is not currently employed but that during the past 12 months she received money from (1) pensions, annuities or life insurance payments, (2) disability or workers compensation payments, and (3) gifts or

1

inheritances.  Plaintiff has provided no information about the amounts received from these sources, as required by the application form, but she reveals that she has $7,500.00 in cash or checking or savings accounts.  Plaintiff alleges that two persons are dependent on her for support, but has failed to state her relationship to each person and how much she contributes to their support.  Plaintiff's application fails to demonstrate that she is indigent.  Accordingly, the application to proceed in forma pauperis should be denied.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

       Ordinarily, the undersigned would recommend that the district judge deny plaintiff's in forma pauperis application and grant plaintiff an opportunity to pay the filing fee in full before proceeding with this action.  However, as was the case with at least eleven other complaints plaintiff has filed in this court since February 10, 2006,[1] no basis for federal jurisdiction has been alleged in plaintiff's complaint against defendant TKA Properties.

       Plaintiff's complaint consists of a cover page and a proof of service.  The document contains no jurisdictional statement, no description of the parties, no allegations, and no prayer for relief.  On the civil cover sheet attached to the complaint, it appears that plaintiff erroneously marked "US Government Plaintiff" and "US Government Defendant" as the basis for jurisdiction but then crossed out those marks.  In any event, it is evident that the United States government is neither a plaintiff nor a defendant in this case.  It is equally evident that there is no

---

[1] The following cases brought by plaintiff in this court have been dismissed for lack of subject matter jurisdiction: Alfaro v. Social Security Administration, case No. CIV S-06-0294 MCE DAD PS, closed February 20, 2007; Alfaro v. City of Sacramento, case No. CIV S-06-1355 FCD GGH PS, closed September 6, 2006; Alfaro v. Alcohol and Drug Administration, case No. CIV S-06-1370 GEB GGH PS, closed October 3, 2006; Alfaro v. Barnicoat, case No. CIV S-06-1614 MCE DAD PS; Alfaro v. Miranda, case No. CIV S-06-1687 LKK EFB PS, closed October 10, 2006; Alfaro v. Rameriz, case No. CIV S-1689 DFL EFB PS, closed December 21, 2006; Alfaro v. Burney, case No. CIV S-01783 DFL EFB PS, closed December 21, 2006; Alfaro v. Bank of America, case No. CIV S-06-1808 DFL GGH PS, closed December 21, 2006; Alfaro v. US Bank, case No. CIV S-06-1809 GEB EFB PS, closed December 5, 2006; Alfaro v. Alfaro, case No. CIV S-06-2460 LKK GGH PS, closed January 26, 2007; Alfaro v. Citi Bank, case No. CIV S-07-0363 GEB DAD PS, closed May 25, 2007.

basis for diversity jurisdiction, as plaintiff indicates that both parties are citizens of this state. Finally, the title of plaintiff's complaint, "Complaint Product Liability," does not suggest the existence of any federal question.

The undersigned finds that the court lacks subject matter jurisdiction over this action. See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit as to justify" dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Based on plaintiff's history of filing obviously frivolous actions, the undersigned finds that it would be futile to grant plaintiff leave to amend even if she were to pay the filing fee in full. The undersigned will therefore recommend that plaintiff's in forma pauperis application be denied and that this action be dismissed with prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 9, 2007 application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to

1  Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
2  objections within the specified time may waive the right to appeal the District Court's order.  See
3  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: November 5, 2007.

                                                                                DALE A. DROZD
                                                                                UNITED STATES MAGISTRATE JUDGE

8  DAD:kw
   Ddad1\orders.prose\alfaro2115.f&r.ifpjur

4